UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

GREGORY V. COSBY, SR.,

    Plaintiff,

v.                                Case No:   2:14-cv-255-FtM-38DNF

LEE COUNTY, JACK BARDEN, PAUL
VALENTI and GLEN SALYER,

    Defendants.
_____/

## ORDER[1]

This matter comes before the Court on the Defendants, Lee County, Jack Barden, Paul Valenti and Glen Salyer's Dispositive Motion to Dismiss Amended Complaint (Doc. #27) filed on July 22, 2014.  The Plaintiff, Gregory V. Cosby, Sr. filed his Response in Opposition (Doc. #32) on August 11, 2014.  The Motion is now fully briefed and ripe for the Court's review.

## FACTS

The Plaintiff, Cosby was employed as the maintenance supervisor by Provincetown Condominium Association.  On August 4, 2008, Cosby filed charges with the Lee County Office of Equal Opportunity (LCOEO) alleging that Provincetown discriminated against him by paying his predecessor, Keith Hicks, a higher ending wage than his beginning wage. (Doc. #26, ¶ 14).  Cosby's claim was brought pursuant to Lee County Ordinance 00-18 and was

---

[1] Disclaimer:  Documents filed in CM/ECF may contain hyperlinks to other documents or Web sites.  These hyperlinks are provided only for users' convenience.  Users are cautioned that hyperlinked documents in CM/ECF are subject to PACER fees.  By allowing hyperlinks to other Web sites, this court does not endorse, recommend, approve, or guarantee any third parties or the services or products they provide on their Web sites.  Likewise, the court has no agreements with any of these third parties or their Web sites.  The court accepts no responsibility for the availability or functionality of any hyperlink.  Thus, the fact that a hyperlink ceases to work or directs the user to some other site does not affect the opinion of the court.

designated as claim A8130E. (Doc. #26, ¶15). The LCEOE is tasked with administering the Ordinance.

In August of 2011, Cosby met with the Defendant Barden to discuss his claim A8130E. (Doc. #26, ¶ 19). On December 13, 2011, Cosby was sent a Final Investigative Report (FIR) and Notice of Dismissal informing him that A8130E had been dismissed because the investigation found no reasonable cause to pursue A8130E. (Doc. #26, ¶ 20). On December 13, 2011, the Defendant Valenti sent Cosby a letter concurring with the Notice and FIR denying A8130E. (Doc. #26, ¶ 23). On December 20, 2011, Cosby delivered a letter to Winton, Barden and Karen Hawes[2] requesting a staff review of the no reasonable cause determination reached by Barden's investigation of A8130E. (Doc. #26, ¶ 28). The next day on December 21, 2011, Cosby delivered another letter requesting an amendment of the staff review of his claim. (Doc. #26, ¶29).

On December 22, 2011, Winton sent Cosby a letter informing him that a county attorney would perform a review of Barden's investigation. (Doc. #26, ¶ 31). On March 24, 2012, Winton sent Cosby a letter informing him the LCOEO had requested an independent review of his case file. (Doc. #26, ¶34). On April 20, 2012, Cosby received a letter from Barden informing him that the EEOC upheld the LCOEO's no reasonable cause determination. (Doc. #26, ¶¶ 37-38). Thereafter, the LCOEO took no further action on A8130E.

On June 5, 2012, Cosby sent a letter to Salyer and Stephane Figueroa, Human Resources Coordinator for Lee County, regarding his claims against Barden's investigation of A8130E. (Doc. #26, ¶ 65). On June 11, 2012, Salyer responded to Cosby's letter of June 5, 2012, stating that he supported Barden's handling of his claim. (Doc. #26, ¶ 66). On

---

[2] Winton, and Karen Hawes are non-party employees with the Lee County Government.

September 25, 2012, the Lee County Board of Commissioners passed Lee County Ordinance 12-23 which repealed Lee County Ordinance 00-18. (Doc. #26, ¶ 69).

The Plaintiff subsequently brought the instant lawsuit against the Defendants, Lee County, Florida, Jack Barden, individually and in his official capacity as the Lee County Office of Equal Opportunity analyst, Paul Valenti, individually, and Glen Salyer, individually in the Circuit Court in the Twentieth Judicial Circuit in and for Lee County Florida.  The Defendants removed the case to this Court.

Count I of the Amended Complaint pleads a procedural due process claim against Barden in his individual capacity.  Count II alleges Barden violated Cosby's due process rights in his official capacity.  Count III also alleges that Barden violated Cosby's due process rights and violated his equal protection rights under the law.  Count IV alleges an equal protection claim against Barden in his official capacity as an employee of the LCOEO.  Count V alleges a due process violation against Valenti and Salyer in their individual capacities.  Count VI is an equal protection claim against Valenti and Salyer.  And Count VII is a claim against Barden, Valenti, and Salyer for conspiracy to deprive Cosby of his Constitutional rights.

## STANDARD OF REVIEW

In deciding a motion to dismiss, the Court must accept all factual allegations in a complaint as true and take them in the light most favorable to the plaintiffs. Christopher v Harbury, 536 U.S. 403, 406, 122 S. Ct. 2179, 153 L. Ed. 2d 413 (2002).  However, dismissal for failure to state a claim upon which relief may be granted does not require appearance, beyond a doubt. Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 561- 563, S. Ct. 127 S. Ct. 1955, 167 L. Ed 2d 929 (2007) (abrogating Conley v. Gibson, 355 U.S. 41, 45-46, 78 S. Ct. 99, 2 L. Ed. 2d 80 (1957)).  While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, a plaintiff's obligation to provide the "grounds" of

his "entitlement" to relief requires more than labels, conclusions, and a formulaic recitation of the cause of actions elements. Bell Atlantic, 550 U.S. 544, 561- 563.

To satisfy the pleading requirements of Fed. R. Civ. P. 8, a complaint must simply give the defendants fair notice of what the plaintiff's claim is and the grounds upon which it rests. Id. at 555; Swierkiewicz v. Sorema N.A., 534 U.S. 506, 512, 122 S. Ct. 992, 152 L. Ed. 2d 1 (2002). Although the pleading standard announced in Fed R. Civ. P. 8 does not require "detailed factual allegations," it does demand more than an unadorned, "the-defendant-unlawfully-harmed-me accusation." Sinaltrainal v. Coca-Cola Co., 578 F. 3d 1252, 1268 (11th Cir. 2009) (citing Ascroft v. Iqbal, ----- U.S.----, 129 S. Ct. 1937, 1949, 173 L. Ed 2d 868 (2009). Furthermore, unwarranted deductions of fact in a complaint are not admitted as true for the purpose of testing the sufficiency of the allegations. Sinaltrainal, 578 F. 3d at 1268 (citing Aldana v. Del Monte Fresh Produce, N.A., Inc., 416 F.3d 1242, 1248 (11th Cir. 2005)). The facts as pled must state a claim for relief that is plausible on its face. Sinaltrainal, 578 F. 3d at 1268 (citing Iqbal, 129 S. Ct. at 1950). Dismissal is warranted under Fed. R. Civ. P. 12(b)(6) if, assuming the truth of the factual allegations of plaintiff's complaint, there is a dispositive legal issue which precludes relief. Simplexgrinnell, L.P. v. Ghiran, 2007 WL 2480352 (M.D. Fla. August 29, 2007) (citing Neitzke v. Williams, 490 U.S. 319, 326, 109 S. Ct. 1827, 104 L. Ed. 2d 338 (1989); Brown v. Crawford County, Georgia, 960 F.2d 1002, 1009-1010 (11th Cir. 1992).

## DISCUSSION

The Defendants argue that Cosby failed to allege that LCOEO had a custom policy or practice to discriminate. The Defendants further argue that Barden, Valenti, and Salyer are entitled to absolute immunity or in the alternative entitled to qualified immunity. Finally the Defendants argue that the intra-corporate conspiracy doctrine protects them from

any conspiracy claims. Cosby states that he was deprived of his due process rights under the Fourteenth Amendment because he was not allowed a hearing before the LCOEO dismissed A8130E on a no reasonable cause determination.

### *(1)* Whether Cosby's Amended Complaint is a *Shotgun Pleading*

Initially, the Court notes that Cosby's Amended Complaint is a shotgun pleading. A shotgun pleading "incorporate[s] every antecedent allegation by reference into each subsequent claim for relief." Frantz v. Walled, 513 F. App'x 815, 820 (11th Cir. 2013) (quoting Wagner v. First Horizon Pharm. Corp., 464 F.3d 1273, 1279 (11th Cir. 2006)). In a shotgun complaint, "it is virtually impossible to know which allegations of fact are intended to support which claim(s) for relief." Anderson v. Dist. Bd. of Trustee of Cent. Fl. Comm. Coll., 77 F.3d 364, 366 (11th Cir. 1996). Defendants faced with such pleadings cannot and will not be expected to frame a responsive pleading. Id. "[U]nless cases are pled clearly and precisely, issues are not joined, discovery is not controlled, the trial court's docket becomes unmanageable, the litigants suffer, and society loses confidence in the court's ability to administer justice." Id. For this reason, shotgun complaints should be dismissed, allowing plaintiffs to re-plead their claims. *See* Magluta v. Samples, 256 F.3d 1282, 1284-85 (11th Cir. 2001).

Cosby's Amended Complaint contains seventy-one (71) factual allegations which Cosby incorporates into each of the seven Counts in the Amended Complaint. In addition to incorporating each factual allegation into each Count, Cosby incorporates paragraphs 73, 74, 75, 76, and 77 from Count I into Counts II and III, and paragraphs 73, 74, 75, 76, 77, 84, 85, 89, 90, 96, and 97 from various Counts into the remaining successive Counts. The Amended Complaint's failure to link factual allegations to specific counts makes it a quintessential shotgun pleading. Frantz, 513 F. App'x at 821. It is virtually impossible for the Defendants,

Barden, Valenti, and Salyer to know which allegations of fact are intended to support which claims for relief.  As such, Cosby's Amended Complaint does not comply with Rule 8(a)," and must be dismissed as such. Id.

Typically the Court would dismiss the Complaint at this point for failure to state a claim to which the Defendants could respond, however, because the Defendants also addressed the merits of the Complaint the Court will review the merits as well.

### *(2) Whether the Defendants have Absolute or Qualified Immunity*

Barden, Valenti, and Salyer submit that they have absolute immunity for Cosby's complaint because they were acting within their capacities as Lee County employees and as local officials for the enforcement of Lee County Ordinance 00-18.  They argue that their actions should be considered as a quasi-judicial procedure with regard to Cosby's claim.

The Defendants argue that administrative agency personnel are absolutely immune with regard to their actions while conducting quasi-judicial functions.   Under Florida law an EEOC investigation is a quasi-judicial proceeding. Suarez v. School Board of Hillsboro County, Florida, 2014 WL 1946536, *6 (M.D. Fla. May 14, 2014) (citing Gandy v. Trans World Computer Tech Group, 787 So. 2d 116, 119 (FL 2d DCA 2001)).

Absolute immunity has been extended to agency officials performing certain functions including agency officials conducting EEOC investigations. Foster v. Select Medical Corporation, Inc., 2013 WL 764780, *7 (M.D. Fla. February 28, 2013) (holding that absolute immunity applies in many professional licensing, and administrative proceedings, such as worker's compensation, unemployment compensation, labor grievances, and EEOC investigations).  In this instance, the LCOEO is responsible for investigating EEOC and discrimination claims in Lee County.  Barden, Valenti, and Sayler were involved in the investigation of Cosby's discrimination claim against his employer Provincetown

6

Condominium Association. (Doc. #26, ¶¶ 18, 19, 20).  Thus, the Court must determine if absolute quasi-judicial immunity applies in this case.

In determining whether absolute quasi-judicial immunity is appropriate, courts have examined the three factors, derived from Butz v. Economou, 438 U.S. 478, 508, 98 S. Ct. 2894, 57 L. Ed. 2d 895 (1978).  Specifically, the courts have examined:

> (1) Are the official's functions similar to those involved in the judicial process?;
> (2) Are the officials actions likely to result in damages lawsuits by disappointed participants?; and
> (3) Do sufficient safeguards exist to protect against unconstitutional conduct?

Rindley v. Gallagher, 890 F. Supp. 1540, 1554 (S.D. Fla. 1995).

The Court will address the second and third factors first and then proceed to the first factor in its analysis.  In this instance, factor number two (2) clearly favors a finding of absolute immunity.  It is not difficult to imagine that Cosby would sue Barden, Valenti, and Saylor—as this case demonstrates—but that Cosby would also pursue a discrimination claim and damages lawsuit against his former employer Provincetown Condominium Association.

The Court also finds that factor number three (3) has been met because there are sufficient safeguards in place to protect Cosby's constitutional rights.  County Ordinance 00-18 provided for an appeals process in the event of a no reasonable cause denial by allowing the Plaintiff to file a request for a staff review of the determination. (Doc. #27-1, ¶ L(2)).  The process even allows for an outside party like the EEOC to review the no reasonable cause determination and reverse the LCOEO's determination if necessary. (Doc. #26, ¶¶ 34-38).  Further should a favorable reasonable cause determination be found, the Ordinance provides for an extensive hearing process. (Doc. #27-1, § IV).   Additionally, the Plaintiff could pursue his claim in the state or federal court systems.  Thus the Ordinance had procedural safeguards in place to protect the Plaintiff's constitutional rights.

Regarding the first factor, Barden's actions were analogous to the functions of a prosecutor. The prosecutor's role as advocate necessarily entails the development and evaluation of the case prior to the formal initiation of a prosecution. Rindley, 890 F. Supp. at 1556. Just like a prosecutor in a criminal case, Barden investigated Cosby's claim of wage discrimination, reviewed the relevant evidence and determined that there was no reasonable cause to file the claim. Absolute immunity has been extended to agency officials performing certain functions analogous to that of a prosecutor. Id. Thus, Barden is entitled to absolute immunity in his official role as the investigator of Cosby's claim A8130E.

Similarly, the Defendants Sayler and Valenti in reviewing the findings submitted by Barden acted in a quasi-judicial manner as prosecutors and/or judicial officials by reviewing Barden's no reasonable cause determination. Therefore, since the Defendants, Barden, Valenti, and Salyer were conducting an EEOC investigation in a quasi-judicial proceeding they should be afforded absolute immunity from the allegations made in Cosby's Amended Complaint. Foster v. Select Medical Corp., Inc., 2013 WL 764780, *7 (M.D. Fla. February 28, 2013) (holding that absolute immunity applies in EEOC investigations).

### (3) Whether Cosby was Denied Due Process

Cosby claims he was denied due process by the Defendants because his claim was terminated without notice or a formal hearing. The Defendants argue Cosby does not have a property right in the Lee County Ordinance and that he failed to pursue available remedies after his claim was determined to be without a reasonable basis.

The Due Process Clause of the Fourteenth Amendment protects both substantive and procedural due process. Substantive due process protects "fundamental" rights that are "implicit in the concept of ordered liberty" and created by the United States Constitution. Greenbriar Vill., L.L.C. v. Mountain Brook, City, 345 F.3d 1258, 1262 (11th Cir. 2003) (citing

McKinney v. Pate, 20 F.3d 1550, 1556 (11th Cir. 1994)). In his Amended Complaint Cosby only alleges the deprivation of his procedural due process rights.

A claim for deprivation of procedural due process must allege three elements: "(1) a deprivation of a constitutionally-protected liberty or property interest; (2) state action; and (3) constitutionally-inadequate process." J.R. v. Hansen, 736 F.3d 959, 965 (11th Cir. 2013) (citing Grayden v. Rhodes, 345 F.3d 1225, 1232 (11th Cir. 2003)); Miccosukee Tribe of Indians of Florida v. U.S., 716 F.3d 535, 559 (11th Cir. 2013). "The constitutional violation actionable under § 1983 is not complete when the deprivation occurs; it is not complete unless and until the State fails to provide due process." Flagship Lake County Development Number 5, LLC v. City of Mascotte, Florida, 2013 WL 1774944, *2 (M.D. Fla. April 25, 2013). It is given that the actions by the Defendants in this case created a state action for the purposes of reviewing if Cosby was denied due process. Thus, the Court must look to see if Cosby had a property interest in his claim or if Lee County provided a constitutionally inadequate process.

### (a) *Whether Cosby had a Property Interest*

Cosby argues that he has a property interest in the LCOEO pursuing his claim or at least the right to a hearing or notice before his claim was denied. The Defendant Lee County argues that there is no property interest in the enforcement of a county ordinance or law and therefore, Cosby had no property interest under the Ordinance.

Property interests are "created and their dimensions are defined by existing rules or understandings that stem from an independent source such as state law-rules or understandings that secure certain benefits and that support claims of entitlement to those benefits." Zisser v. Florida Bar, 747 F.Supp.2d 1303, 1317 (M.D. Fla. 2010) (citing Bd. of Regents v. Roth, 408 U.S. 564, 577, 92 S. Ct. 2701, 2709, 33 L.Ed.2d 548 (1972). "To have a property interest in a benefit, a person clearly must have more than an abstract need or

desire for it. Zisser, 747 F. Supp.2d at 1317. He must have more than a unilateral expectation of it. Id. He must, instead, have a legitimate claim of entitlement to it." Id. "[A] legitimate claim of entitlement is created only when the statutes or regulations in question establish a framework of factual conditions delimiting entitlements which are capable of being explored in a due process hearing." Id. (citing Eidson v. Pierce, 745 F.2d 453, 459–60 (7th Cir.1984)). Put another way, a person has a legitimate claim of entitlement to keep that which presently securely belongs to that person. Zisser, 747 F. Supp.2d at 1317; *See* Reed v. Village of Shorewood, 704 F.2d 943, 948 (7th Cir.1983) ("[P]roperty is what is securely and durably yours under state ... law as distinct from what you hold subject to so many conditions as to make your interest meager, transitory, or uncertain."). Accordingly, the salient issue is whether or not Ordinance 00-18 provided Cosby, and any other putative applicants, a secure and durable interest and entitlement to a hearing during the investigative process.

Cosby argues that the issue is not that LCOEO did not file suit on his behalf, but that Barden terminated A8130E without notice or giving him the chance to be heard. Preliminarily, the Court notes that Cosby did have the chance to be heard prior to Barden issuing his decision. Cosby was allowed to meet with Barden in August 2011 to discuss his claim prior to the claim being dismissed in December 2011. (Doc. #26, ¶ 19). A review of Ordinance 00-18 shows that it did not create a legitimate claim of entitlement for an individual whose claim was denied based upon a no reasonable cause finding. In fact, the language in Ordinance 00-18 specifically states that "[i]f the LCOEO determines that no reasonable cause exists to believe that a discriminatory employment practice has occurred, it shall promptly dismiss the Charge. LCOEO shall make public disclosure of each dismissal under this section." (Doc. #21-1, § III, ¶ L(1)). Thus, Cosby was put on notice that Ordinance 00-18 did not confer a benefit to a hearing upon Cosby or any other claimants who might file a claim with Lee County prior to the LCOEO issuing a no reasonable cause determination. Merely

because Cosby states he deserved a hearing or desired a hearing did not create a property interest under the Ordinance.  Zisser, 747 F. Supp.2d at 1317.  As such, the Ordinance did not create a property interest in a hearing for a denied claim. See Kelly v Gill, 544 So. 2d 1162, 1164-65 (Fla. 5th DCA 1989) (Courts in Florida have found that a state statute that requires minimal procedural steps before termination will not in and of itself create a property interest . . .).

### (b) *Whether the Process was Constitutionally Inadequate*

Cosby argues that he did not receive the opportunity to be heard because he was not allowed a hearing before a hearing officer prior to Barden denying his claim.  Cosby's argument is not well taken.

As noted above Cosby met with the Defendant Barden to discuss A8130E in August 2011 prior to Cosby issuing his no reasonable cause determination. (Doc. #26, ¶ 19).  On December 13, 2011, Cosby was sent a Final Investigative Report (FIR) and Notice of Dismissal informing him that A8130E had been dismissed because the investigation found no reasonable cause to pursue the 444claim. (Doc. #26, ¶19).  On December 13, 2011, the Defendant Valenti sent Cosby a letter concurring with the Notice and FIR denying A8130E. (Doc. #26, ¶23).  Thus, Cosby was given sufficient written notice that his claim was being denied for failure to present any reasonable cause.

Furthermore, Cosby was allowed an opportunity to appeal the denial through Lee County's staff review process.  Pursuant to Ordinance 00-18 "[a] Charging Party may request a staff review of the determination" if a no reasonable cause determination was found by the investigator. (Doc. #27-1, p. 9, § III, ¶ L(2)).  Cosby requested a staff review and on December 22, 2011, Cosby was sent a letter informing him that a county attorney would perform a review of Barden's investigation of A8130E.  On March 24, 2012, Cosby was sent a letter informing him the LCOEO had requested an independent review of his case file. (Doc. #26, ¶34).  The

11

Miami EEOC District Office handled Cosby's case to ensure that the review was balanced. (Doc. #26, ¶34). On April 3, 2012, Cosby received a letter from Barden informing him that the EEOC upheld the LCOEO's no reasonable cause determination. (Doc. #26, ¶¶37-38). Thus, Cosby was given adequate procedural due process regarding the review of his claim.

Based upon the factors required to establish a claim for procedural due process, the Court finds that Cosby did not have a property interest in a hearing or notice that Barden was going to deny his claim. He was given adequate procedures to protect his constitutional rights and contest the LCOEO's determination denying his claim. Thus he was not denied due process.

### (4) *Equal Protection Violations*

Cosby argues that Barden, in his individual capacity Count III, and Count IV, in his official capacity, violated the equal protection clause because Barden grouped him in the category of individuals who were determined to have no reasonable cause for a claim versus similarly situated individuals who were determined to have reasonable cause. Count VI alleges that Valenti and Sayler violated the Equal Protection Clause because they supported Barden's decision in their supervisory capacities.

To state a claim under § 1983, Cosby must plead facts plausibly establishing that he was "deprived of a right secured by the Constitution or laws of the United States and that the alleged deprivation was committed under color of state law." Santillana v. Florida State Court System, Eighteenth Judicial Circuit, Seminole County Courts, 2010 WL 6774486, *4 (M.D. Fla. June 4, 2010) (citing Am. Mfrs. Mut. Ins. Co. v. Sullivan, 526 U.S. 40, 49–50, 119 S. Ct. 977, 143 L.Ed.2d 130 (1999). Cosby sufficiently pleads that the Defendants' acts were made under color of state law by alleging that Barden, Sayler and Valenti acted within their capacities as employees of the LCOEO when they denied claim A1830E. (Doc. No. 20 ¶ 27); *See* Griffin v. City of Opa–Locka, 261 F.3d 1295, 1303 (11th Cir.2001) ("A person acts under

color of state law when he acts with authority possessed by virtue of his employment with the state.").

In his Amended Complaint, Cosby fails to establish that he was deprived of a right secured by the Constitution of the United States. Cosby claims that he was discriminated against because he was place into a category with people who had their claims denied by the LCOEO based upon a no reasonable cause determination. In determining suspect classes for equal protection analysis, the Supreme Court has evaluated whether the group has been "subjected to ... a history of purposeful unequal treatment," "relegated to ... a position of political powerlessness," or characterized by an immutable trait to which stigma attaches. Irwin v. Miami-Dade County Public Schools, 2009 WL 465054, *5 (S.D. Fla. February 24, 2009) (citing San Antonio Independent School District v. Rodriguez, 411 U.S. 1, 28, 93 S. Ct. 1278, 36 L.Ed.2d 16 (1973)). A person whose case was dismissed because of a no reasonable cause determination does not fall into a protected category, since such a characteristic relates to an investigative process, and is not an immutable trait which the Equal Protection Clause intended to protect. *See* Santillana, 2010 WL 6774486 at *4 (finding that individuals subjected to the legal process were not a protected class because such a characteristic was not an immutable trait). Therefore, Barden, nor the LCOEO violated the Equal Protection Clause.

### (5) *Whether Barden, Valenti, and Salyer Conspired to Deprive Cosby of his Constitutional Rights*

Cosby alleges that Barden, Valenti and Sayler conspired to deprive him of his property interest without notice and violated his Fourteenth Amendment procedural due process and equal protection rights. The Defendants argue that Cosby makes generalized and unsupported claims regarding the conspiracy and that they are protected by the intra-corporate conspiracy doctrine.

To establish a prima facie case of a § 1983 conspiracy, a plaintiff must show that "the defendants reached an understanding to deny the plaintiff's rights." Burge v. Ferguson, 619 F. Supp. 2d 1225, 1237 (M.D. Fla. 2008) (citing Hadley v. Gutierrez, 526 F.3d 1324, 1332 (11th Cir.2008)); Bendiburg v. Dempsey, 909 F.2d 463, 469 (11th Cir.1990). Additionally, the plaintiff must show "an underlying actual denial of [his] constitutional rights." Hadley, 526 F.3d at 1332. Finally, to allege a conspiracy, a plaintiff must make "particularized allegations" that a conspiracy exists. Burge, 619 F. Supp. 2d at 1237. Vague and conclusory allegations suggesting a Section 1983 conspiracy are insufficient. Fullman v. Graddick, 739 F.2d 553, 556–57 (11th Cir.1984); Burge v. Ferguson, 619 F.Supp.2d 1225, 1237 (M.D. Fla. 2008).

Cosby's conspiracy claim in Count VII alleges that the three (3) LCOEO employees Barden, and Valenti agreed to dismiss A8130E without notice and without a hearing. Similarly, Cosby states that Sayler agreed not to stop Barden from dismissing A8130E. Thus, Cosby says that Barden, Valenti, and Sayler agreed to deprive him of his property interest in violation of his due process rights.   Cosby's claim lacks merit.

The Court has already determined that under Ordinance 00-18, Cosby did not have a property interest in a hearing prior to Barden's no reasonable cause determination. Therefore, there was no actual denial of a constitutional right since Cosby did not have a property interest in a hearing. Hadley, 526 F.3d at 1332.

Further, under the intra-corporate conspiracy doctrine, it is impossible "for a single legal entity consisting of the corporation and its agents to conspire with itself." McAndrew v. Lockheed Martin Corp., 206 F.3d 1031, 1036 (11th Cir.2000); *see also* Doherty v. Haverford Twp., 513 F.Supp.2d 399, 409 (E.D. Pa.2007) ("[A] municipality and its officials are considered a single entity that cannot conspire with itself."). An exception to the single entity doctrine exists where employees pursue their own, independent interests entirely apart from those of the employer, Vega v. Artus, 610 F.Supp.2d 185, 205 (N.D.N.Y. 2009), but Cosby

has not alleged that the LCOEO employees acted in their own independent interests rather than the interests of the LCOEO.

Because Barden, Valenti, and Sayler all acted in their roles as investigators and supervisors directly related to their employment with the LCOEO, they are protected by the intra-corporate conspiracy doctrine. As such, Cosby's conspiracy claim is due to be dismissed.

Accordingly, it is now

**ORDERED:**

The Defendants, Lee County, Jack Barden, Paul Valenti and Glen Salyer's Dispositive Motion to Dismiss Amended Complaint ([Doc. #27](Doc. #27)) is **GRANTED**. The case is **DISMISSED**. The Clerk of the Court is directed to enter judgment accordingly, terminate any pending motions and close the file.

**DONE** and **ORDERED** in Fort Myers, Florida this 23rd day of September, 2014.

SHERI POLSTER CHAPPELL
UNITED STATES DISTRICT JUDGE

Copies: All Parties of Record