UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

GREGORY V. COSBY, SR.,

    Plaintiff,

v.                          Case No: 2:14-cv-255-FtM-38DNF

LEE COUNTY, JACK BARDEN, PAUL VALENTI and GLEN SALYER,

    Defendants.
_____/

## ORDER[1]

This matter comes before the Court on Defendant Lee County's Motion to Tax Costs and Incorporated Memorandum of Law (Doc. #38) filed on September 29, 2014. Plaintiff Gregory V. Cosby, Sr. has not filed a response and the time to do so has expired. Thus, the Motion is now ripe for review.

## FACTS

This case was initiated when Plaintiff filed his Complaint against Defendants on April 17, 2014, in the Circuit Court of the Twentieth Judicial Circuit in and for Lee County. (Doc. #2). The Case was removed to the U.S. District Court in and for the Middle District of Florida, Fort Myers Division. (Doc. #1). Plaintiff filed an Amended Complaint on July 17, 2014. (Doc. #26). Defendants filed an Amended Motion to Dismiss on July 22, 2014. (Doc. #27). On September 24, 2014, the Court granted

---

[1] Disclaimer: Documents filed in CM/ECF may contain hyperlinks to other documents or Web sites. These hyperlinks are provided only for users' convenience. Users are cautioned that hyperlinked documents in CM/ECF are subject to PACER fees. By allowing hyperlinks to other Web sites, this Court does not endorse, recommend, approve, or guarantee any third parties or the services or products they provide on their Web sites. Likewise, the Court has no agreements with any of these third parties or their Web sites. The Court accepts no responsibility for the availability or functionality of any hyperlink. Thus, the fact that a hyperlink ceases to work or directs the user to some other site does not affect the opinion of the Court.

Defendants' Motion to Dismiss the Amended Complaint. (Doc. #36). Thereafter, on September 25, 2014, Final Judgment was entered in favor of Defendants. (Doc. #37).

## DISCUSSION

On September 29, 2014, Defendant, Lee County, filed its Motion to Tax Costs and Incorporated Memorandum of Law (Doc. #38) requesting the Court to enter an Order taxing the costs against Plaintiff as follows:

| | | |
|---|---|---|
| 5/9/14 | Federal Court Filing Fee | $400.00 |
| 5/16/14 | Contracted Paralegal Services | $136.50 |
| **TOTAL:** | | **$536.50** |

Under Fed. R. Civ. P. 54(d), the prevailing party can move the Court to order costs against the losing party. However, the Court only has the discretion to "award those costs specifically enumerated in 28 U.S.C. § 1920….The Court may not tax as costs any items not included in 28 U.S.C. § 1920." Luka v. City of Orlando, 2011 WL 4837263 *7 (M.D. Fla. Sept. 23, 2011) report and recommendation adopted, 2011 WL 4836229 (M.D. Fla. Oct. 12, 2011) (internal citations omitted). The burden for challenging the taxability of these costs lies with the losing party. See Luka, 2011 WL 4837263 at *7 (stating "when challenging whether costs are properly taxable, the burden lies with the losing party, unless the knowledge regarding the proposed costs is a matter 'within the exclusive knowledge of the prevailing party.'").

> 28 U.S.C. § 1920 reads in pertinent part:
>
> A judge or clerk of any court of the United States may tax as costs the following:
>
> (1) Fees of the clerk and marshal;
> (2) Fees for printed or electronically recorded transcripts necessarily obtained for use in the case;
> (3) Fees and disbursements for printing and witnesses;

(4) Fees for exemplification and the costs of making copies of any materials where the copies are necessarily obtained for use in the case;
(5) Docket fees under section 1923 of this title;
(6) Compensation of court appointed experts, compensation of interpreters, and salaries, fees, expenses, and costs of special interpretation services under section 1828 of this title.

A bill of costs shall be filed in the case and, upon allowance, included in the judgment or decree.

After a thorough review of the Affidavit of Costs (Doc. 38-1) and supporting paperwork submitted by counsel, this Court finds the $400.00 Federal Court Filing Fee is statutorily authorized and/or reasonable under the circumstances of the present case. See Luka, 2011 WL 4837263 at *8 (stating clerk's fees are costs "properly taxable against Plaintiff."). However, the $136.50 Contracted Paralegal Services is not enumerated in 28 U.S.C. §1920. That cost should be calculated as part of the attorney's fees. See Luka, 2011 WL 4837263 at *11 (Court separates paralegal services under the award for reasonable attorney fees, not costs under 28 U.S.C. § 1920.). Therefore, the Court grants Defendant's Motion as to the $400.00 Federal Filing Fee and denies Defendant's Motion as to the $136.50 Contracted Paralegal Services fee and enters an Order taxing a portion of the costs set forth herein against Plaintiff in a total amount of $400.00.

Accordingly, it is now

**ORDERED:**

(1) Defendant Lee County's Motion to Tax Costs and Incorporated Memorandum of Law (Doc. #38) is **GRANTED in part** and **DENIED in part.**

   a. The Costs for the Federal Filing Fee in the amount of $400.00 is **GRANTED**. Defendant is awarded costs in the amount of **$400.00.**

   b. The Costs for Paralegal Services in the amount of $136.50 is **DENIED**.

(2) The Clerk is **directed** to amend the Judgment accordingly.

**DONE** and **ORDERED** in Fort Myers, Florida this 20th day of October, 2014.

SHERI POLSTER CHAPPELL
UNITED STATES DISTRICT JUDGE

Copies:  All Parties of Record